# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALIGN TECHNOLOGY, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 17-1646-LPS-CJB |
| 3SHAPE A/S and 3SHAPE INC., | : | |
| Defendants. | : | |
| ALIGN TECHNOLOGY, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 17-1647-LPS-CJB |
| 3SHAPE A/S and 3SHAPE INC., | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

Presently before the Court is Defendants 3Shape A/S and 3Shape, Inc.'s (collectively, "3Shape") motions to stay proceedings until completion of two investigations at the United States International Trade Commission ("Commission" or "ITC"). (C.A. No. 17-1646-LPS-CJB D.I. 14; C.A. No. 17-1647-LPS-CJB D.I. 14)[1] For the reasons stated below, the Court will DENY the motions to stay.

1.   Plaintiff Align Technology, Inc. ("Align") filed four separate actions against 3Shape in this District, alleging infringement of a total of 26 patents. (D.I. 15 at 1) The patents

---

[1] Defendants filed the same motion and same briefs in both actions. Citations to the docket are to documents filed in C.A. No. 17-1646-LPS-CJB unless otherwise indicated.

asserted in each action are as follows:

>C.A. No. 17-1646-LPS-CJB: United States Patent Nos. 9,510,757; 7,112,065; 9,451,873; 9,299,192; 9,427,916; 8,454,364; and 8,845,330. (C.A. No. 17-1646-LPS-CJB D.I. 1 at ¶¶ 16-22)
>
>C.A. No. 17-1647-LPS-CJB: U.S. Patent Nos. 9,566,132; 8,545,221; 8,092,215; 7,056,115; 8,734,149; and 6,227,850. (C.A. No. 17-1647-LPS-CJB D.I. 1 at ¶¶ 16-21)
>
>C.A. No. 17-1648-LPS-CJB: U.S. Patent Nos. 7,092,107 ("'107 patent"); 9,615,901; 8,638,448; 8,638,447; 6,845,175; and 6,334,853. (C.A. No. 17-1648-LPS-CJB D.I. 1 at ¶¶ 16-21)
>
>C.A. No. 17-1649-LPS-CJB: U.S. Patent Nos. 6,948,931; 6,685,470; 6,514,074 ("'074 patent"); 8,363,228; 8,451,456; 8,675,207; and 9,101,433. (C.A. No. 17-1649-LPS-CJB D.I. 1 at ¶¶ 16-22)

2. At the same time, Align filed two complaints at the ITC. The ITC instituted investigations (the "ITC Investigations") on all but one of the same patents at issue in C.A. No. 17-1648-LPS-CJB (the '107 patent) and all but one of the patents at issue in C.A. No. 17-1649-LPS-CJB (the '074 patent).

3. 3Shape sought a mandatory stay in C.A. Nos. 17-1648-LPS-CJB and 17-1649-LPS-CJB as to the patents also put at issue by the ITC Investigations and a discretionary stay as to the two remaining patents in those action, as well as a discretionary stay as to all patents at issue in C.A. Nos. 17-1646-LPS-CJB and 17-1647-LPS-CJB. (*See, e.g.*, C.A. No. 17-1646-LPS-CJB D.I. 14)

4. Pursuant to 28 U.S.C. § 1659(a):

>In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission . . . at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the

district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—

> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2) 30 days after the district court action is filed, whichever is later.

5. Thereafter, the parties stipulated to a complete stay (with respect to all patents) in C.A. Nos. 17-1648-LPS-CJB and 17-1649-LPS-CJB pending resolution of the ITC Investigations. (C.A. No. 17-1648-LPS-CJB D.I. 19; C.A. No. 17-1649-LPS-CJB D.I. 20) The portions of the motions seeking a discretionary stay in C.A. Nos. 17-1646-LPS-CJB and 17-1647-LPS-CJB (hereinafter, the "Instant Actions") remain pending.

6. District courts have the discretionary power to stay litigation under their inherent power to control their own dockets. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). In determining whether to grant a discretionary stay, a court typically considers:

> (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage.

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 348 (D. Del. 2016) (citation omitted). "Courts have also referenced undue prejudice or hardship to the movant as a factor to be considered in evaluating a request to stay litigation." *Mission Abstract Data L.L.C. v. Beasley Broadcast Group, Inc.*, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011).

7. The simplification of issues factor weighs strongly against a stay. There is no

direct benefit to be gained from waiting for resolution of the ITC Investigations. While the patents-at-issue in the Instant Actions "involve similar subject matter to those asserted in the ITC Investigations" and "identify the same allegedly infringing products as those identified in the ITC Investigations" (D.I. 15 at 8), "[i]t is undisputed that none of the patents-in-suit in either of the two ITC Investigations share a common specification, prosecution history, or parent/child relationship with any patent at issue in the" Instant Actions, (D.I. 17 at 13). Overlapping subject matter, without more - - such as overlapping specifications, prosecution history, or a familial relationship - - does not provide much support for a stay. *See LG Elecs., Inc. v. Eastman Kodak Co.*, 2009 WL 1468703, at *4 (S.D. Cal. May 26, 2009); *Humanscale Corp. v. CompX Int'l Inc.*, 2009 WL 1444312, at *2 (E.D. Va. May 21, 2009); *cf. Graphic Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014) (finding simplification factor weighed in favor of discretionary stay where patent was continuation of patent at issue in ITC investigation and shared "common inventors, specification, and prosecution history"). Here, aside from overlapping accused products, the most 3Shape can show is that "all of the patents in the 1646 case and three of the seven patents asserted in the 1647 case share at least one inventor in common with [four] patents asserted in the 1648 and 1649 Actions and ITC Investigations" (D.I. 15 at 9) and that "parts of the specifications are very similar" (D.I. 55 ("Tr.") at 20-21).

A similar specification or even similar terms are not likely to simplify claim construction, as the differences could well lead to arguments for different constructions. (*Id.* at 19-20) Nor is discovery likely to be made efficient by a stay any more than the parties' cross-use agreement already promotes efficiency. (*Id.* at 20) Also, the ITC investigations could be resolved on any number of non-merits grounds (e.g., jurisdictions, "domestic industry"

4

requirements, design-arounds) that are of no assistance to this Court in resolving even overlapping issues. (*See* Tr. at 27-28)

8. The status of the litigation factor slightly favors a stay. An individual scheduling order was entered in the Instant Actions on May 18, 2018, and the earliest trial date is not until April 20, 2020. (D.I. 42) Align concedes that this factor weighs in favor of a stay. (D.I. 17 at 15) ("Align does not dispute that when a stay is sought before case scheduling deadlines are set, this weighs in favor of a stay.")

9. The undue prejudice to the non-movant factor weighs slightly against a stay. To Align a lengthy stay, would effectively be "a complete bar on Align's efforts to obtain any injunctive or monetary relief against 3Shape[] for the infringement of the 26 separate patents," would preclude injunctive relief on at least one patent that is set to expire in 2019, cause "the loss of testimonial and documentary evidence," and also result in loss of market share, given that Align and 3Shape are direct competitors in the intraoral scanner market. (*Id.* at 8-10) 3Shape counters by noting that the ITC Investigations, which concern "substantially the same 3Shape products," would provide the injunctive relief that Align also seeks in the Instant Actions. (D.I. 20 at 3) However, any injunction issued by the ITC would not apply to products made in the United States, including any software that 3Shape could "flash" domestically. (Tr. at 33-34) 3Shape is correct that Align has not "filed a motion for a preliminary injunction nor has [it] claimed any urgent injury" in the Instant Actions. (D.I. 15 at 12) This factor, then, weighs slightly against a stay.

Finally, 3Shape has not identified prejudice of any significant magnitude that will result from denial of a stay.

5

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that 3Shape's Motions to Stay Pending Resolution of ITC Proceedings (C.A. No. 17-1646-LPS-CJB D.I. 14; C.A. No. 17-1647-LPS-CJB D.I. 14) are DENIED.

Wilmington, Delaware
September 7, 2018

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE