

Jeff Castellano
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0703
jcastellano@shawkeller.com

November 21, 2019

**BY CM/ECF & HAND DELIVERY**
The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

>     Re:  *Align Technology, Inc. v. 3Shape A/S*, C.A. Nos. 17-1646-LPS, 17-1647-LPS (D. Del.)

Dear Judge Hall:

Align submits that 3Shape's emergency motion should be denied for the reasons set forth below.

***3Shape Should be Held to the Agreed Schedule***. Just ***two days before*** 3Shape filed its motion, the parties reached agreement (based on Your Honor's urging during the October 18, 2019 teleconference) and submitted a proposal to modify the pretrial schedule in both actions.  (D.I. 272 in C.A. No. 17-1646, D.I. 257 in C.A. No. 17-1647).  This modification was the result of weeks of direct negotiations between lead counsel for Align and 3Shape.  3Shape fails to mention these stipulations or ongoing discussions.  The agreed schedules are indeed aggressive, but that is nothing new for these parties or for patent litigation in this district.

This is not the first time 3Shape has raised these arguments.  During the October teleconference, 3Shape raised the same concerns it raises now.  3Shape's lead counsel acknowledged that moving the trial date is not necessary.  First, he said "if we have to keep the trial date, we'll keep the trial date . . . ."  (Ex. A (Oct. 18, 2019 Hearing Tr.) at 27:21-22).  Then, in response to a question from Your Honor about the possibility of accommodating the remaining discovery while *keeping* the trial dates, counsel confirmed "I think it could be done. We have to work it out with the other side." (*Id.* at 28:18-19).  Your Honor emphasized that "the trial dates are not going to get changed. That is just not going to happen, especially based on what I heard, and I also know that Judge Stark is not going to be amenable hearing that type of request." (*Id.* at 31:10-13).  With that guidance, the parties diligently negotiated and submitted the amended pretrial schedule that 3Shape now seeks to discard, without good cause, and in a transparent attempt to further its goal of delaying trial.

***There Is No Emergency***.  There is only one expert deadline occurring in the next ***four weeks*** (opening expert reports in the 1646 action).  Any time pressure on 3Shape related to the submission of expert reports is of 3Shape's own making.  In fact, the parties already have extended expert deadlines several times, providing ample time for both sides to prepare.  The reports are due ***tomorrow*** and surely 3Shape has a report prepared for service.  Critically, 3Shape has only one opening expert report due, a report on invalidity that requires virtually no fact discovery.  For its part, Align is prepared to serve its opening infringement and damages expert reports on schedule.

3Shape has not pointed to any change in circumstances that caused it to be unable to meet its obligations under the agreed-upon schedule.  Instead, 3Shape relies on its well-worn refrain

The Honorable Jennifer L. Hall
Page 2

about numerous outstanding depositions occurring near or after initial expert disclosures. Far from being an emergency, this is routine in patent litigation. All but one of the remaining fact depositions have been scheduled and will be completed prior to opening expert reports in the 1647 case and prior to rebuttal expert reports in the 1646 case. No prejudice exists.

And while 3Shape mentions "outstanding fact discovery disputes," there is only one dispute between the parties that has been submitted and not yet resolved, and the parties recently received a status update from Judge Burke on that issue. (Nov. 18, 2019 Minute Entry in C.A. No. 16-1647). To the extent the resolution of that issue necessitates additional factual depositions, Align has represented to the Court they will be short and discrete. And if other discovery disputes arise, 3Shape has not provided any reason that the existing process for addressing those disputes is insufficient, nor has it specifically identified any outstanding fact discovery that relates to its opening report on invalidity of the asserted patents. Instead, 3Shape continues to invent phantom disputes to justify its attempt to delay trial. (Ex. B).

***3Shape Fails to Address the Legal Standards and Standards Previously Enumerated by Your Honor***. 3Shape omits mention of the applicable legal standards. Under those standards, 3Shape's motion fails. To establish good cause to modify a scheduling order, 3Shape must show that the existing schedule cannot be met despite its diligence. *Am. Axle & Mfg. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2017 U.S. Dist. LEXIS 143573, at *10 (D. Del. Sep. 6, 2017). 3Shape's motion is devoid of any discussion of its efforts to meet the November 22, 2019 deadline, other than an oblique statement that "Defendants have been working diligently to complete *fact* discovery." (Motion at 2 (emphasis added)). 3Shape fails to offer any reason why fact discovery must be entirely complete before expert discovery may proceed.

Nor can 3Shape demonstrate that a stay of expert discovery is appropriate under the stay factors. *See Graphic Props. Holdings v. Toshiba Am. Info., Sys.*, C.A. No. 12-213-LPS, 2014 U.S. Dist. LEXIS 27963, at *4-5 (D. Del. Mar. 5, 2014). As 3Shape admits, a 6-month stay of expert discovery would require a disruption of other dates in both cases, and would result in a loss of both trial dates. Such a stay would be extremely prejudicial to Align. *See Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 13-1668-LPS, 2016 U.S. Dist. LEXIS 160514, at *14 (D. Del. Oct. 24, 2016) (finding prejudice to plaintiff where trial date would be lost).

Finally, 3Shape's motion disregards Your Honor's instructions and should be denied for that reason as well. During the October 18 teleconference, Your Honor instructed the parties to try to work out a revised schedule (which they did) and that additional submissions must "include concrete details about the discovery remaining to be conducted, exactly what the dates are left in the schedule, exactly what the defendant's proposals are and exactly why plaintiff's won't grant defendants' request." (Ex. A at 31:21-32:1.) Defendants have provided none of these required details and Align has acceded to Defendants' extension requests, as described above.

***3Shape's References to Other Extensions Should be Ignored***. 3Shape's motion requests a stay of expert discovery deadlines only (*See* Motion Ex. 3 (Proposed Order)). However, 3Shape also mentions an extension of the summary judgment hearing date and the trial date. (Motion at 4). Those issues are not properly before the Court and are thus neither justified nor ripe. Align will continue to work with 3Shape as long as trial and pre-trial conference dates are not disturbed, as reflected by the adjustments to the pre-trial schedule just filed by the parties on November 18. (D.I. 272 in C.A. No. 17-1646, D.I. 257 in C.A. No. 17-1647).

The Honorable Jennifer L. Hall
Page 3

                                                                                               Respectfully submitted,

                                                                                               */s/ Jeff Castellano*

                                                                                              Jeff Castellano (No. 4837)

cc:      Clerk of the Court (by hand delivery)
          All counsel of record (by e-mail)