**Ex. 1IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., <br><br> Plaintiff, <br> v. <br><br> 3SHAPE A/S, <br> 3SHAPE TRIOS A/S, and <br> 3SHAPE, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) C.A. No. 1:17-cv-01646-LPS <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
<u>SUMMARY JUDGMENT FOR NO PRE-SUIT DAMAGES</u>**

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 1

II. SUMMARY OF ARGUMENT ........................................................................................ 1

III. STATEMENT OF FACTS ............................................................................................... 1

IV. LEGAL STANDARDS .................................................................................................... 1

V. ARGUMENT .................................................................................................................... 1

    A. The marking requirements apply to system claims.....................................................1

    B. Align Failed to Mark its Products Despite the Obligation To Do So .......................2

    C. Align failed to give actual notice of infringement before filing suit .......................3

VI. CONCLUSION ................................................................................................................ 3

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Alexsam, Inc. v. Pier 1 Imports, Inc.*,
  No. 2:08-cv-15, 2011 U.S. Dist. LEXIS 161489 (EDTX Oct. 14, 2011) ................................. 2

*Am. Med. Sys. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ............................................................................................. 1, 3

*Arctic Cat Inc. v. Bombardier Red. Prods.*,
  876 F.3d 1350 (Fed. Cir. 2017) ............................................................................................ 1

*IMX, Inc. v. LendingTree LLC*,
  2005 U.S. Dist. LEXIS 33179 (D. Del. Dec. 14, 2005) ..................................................... 2, 3

*Inline Connection Corp. v. AOL Time Warner*,
  2007 U.S. Dist. LEXIS 3072 (D. Del. Jan. 12, 2007) ..................................................... 1, 2, 3

*Inline Connection Corp. v. AOL Time Warner, Inc.*,
  465 F. Supp. 2d 312 (D. Del. Dec. 5, 2006) ......................................................................... 2

*Ultratec, Inc. v. Sorenson Communs, Inc.*,
  45 F. Supp. 3d 881 (W.D. Wis. 2014) ............................................................................ 1, 2, 3

**Statutes**

35 U.S.C. § 287(a) ................................................................................................................. 1, 2, 3

## TABLE OF EXHIBITS[1]

| Exhibit | Description |
|---|---|
| Ex. 14 | Align's Sept. 26, 2019 Objections and Responses to 3Shape's First Set of Interrogatories [Nos. 1-7] ("Align Sept. 26, 2019 Interrogatory Responses") |
| Ex. 15 | Align's November 25, 2019 Opening Report of Dr. Robert L. Stevenson on Infringement of the '330, '364 and '916 Patents (Expert for Align) ("Stevenson Opening Rept.") |
| Ex. 16 | Align's November 25, 2019 Opening Report of W. Christopher Bakewell ("Bakewell Opening Rept.") |

---

[1] Numbered Exhibits are attached to the Appendix in Support of Defendants' Motions for Summary Judgment and *Daubert* Motions filed contemporaneously herewith.

**I.      NATURE AND STAGE OF THE PROCEEDINGS**

Defendants incorporate by reference the equivalent section set forth in Defendants' Opening Brief in Support of Their *Daubert* Motions filed contemporaneously herewith.

**II.     SUMMARY OF ARGUMENT**

Align admits that, prior to the filing of this lawsuit, it practiced the asserted claims in the '330, '364 and '916 patents, but did not "physically mark" its practicing products. Align has no evidence of marking or actual notice as required by 35 U.S.C. § 287(a). Thus, 3Shape is entitled to summary judgment that Align may not recover pre-Complaint damages.

**III.    STATEMENT OF FACTS**

The relevant facts are set forth in the Argument section, as appropriate.

**IV.     LEGAL STANDARDS**

A patentee may not recover damages for infringement before it gives the accused infringer constructive or actual notice by marking. 35 U.S.C. § 287(a). The patentee bears the burden of proving compliance with the marking statute. *Arctic Cat Inc. v. Bombardier Red. Prods.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).

**V.      ARGUMENT**

    **A.      The marking requirements apply to system claims**

Courts have applied the Federal Circuit's *Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) holding concerning marking of a device produced by a claimed method to require marking for asserted system claims. *Ultratec, Inc. v. Sorenson Communs, Inc.*, 45 F. Supp. 3d 881, 929 (W.D. Wis. 2014), *citing IMX, Inc. v. LendingTree LLC*, 2005 U.S. Dist. LEXIS 33179, at *4 (D. Del. Dec. 14, 2005); *Inline Connection Corp. v. AOL Time Warner*, U.S. Dist. LEXIS 3072, at *324 (D. Del. Jan. 12, 2007).

In *IMX*, the court found that the owner of a patent directed to a "method and system for trading loans" was obligated to mark the website through which the software is accessed, even though the website was not the patented invention. *See IMX*, 2005 U.S. Dist. LEXIS 33179, at *11-12. The website was considered intrinsic to the claimed system, because it was the public's point of access to the system. *See id.* at n. 5. *Inline Connection Corp* held that a high speed internet service provider's failure to mark a wall jack designed for the patented system precluded the recovery of pre-litigation damages. *See* 465 F. Supp. 2d at 324; s*ee also Alexsam, Inc. v. Pier 1 Imports, Inc.*, No. 2:08-cv-15, 2011 U.S. Dist. LEXIS 161489, at * 3 (EDTX Oct. 14, 2011). Accordingly, "where the patentee makes or sells a tangible product that is intrinsic to a patented system, the patentee must mark the tangible product." *Ultratec Inc.*, 45 F. Supp. 3d at 930.

**B.   Align Failed to Mark its Products Despite the Obligation To Do So**

Align admits that  Ex. 14, Align Sept. 26, 2019 Interrogatory Responses, at pp. 15-16; *see also* Ex. 15, Stevenson Opening Report at ¶¶ 133-163; 535-593). Align therefore ***must*** satisfy *American Medical Systems* to satisfy the constructive notice requirements under § 287(a) for these patents.

There is no genuine dispute that the marking requirements apply. The asserted claims are all directed to generating a digital model of teeth that is used to create a physical model of teeth. Both the digital model and the physical model are capable of being marked with the patent numbers and thus constitute tangible items. The digital models and the physical models are

produced by, embody, and are key components of the claimed systems and methods and thus *must* be marked to satisfy § 287(a). *See Am. Med. Sys., Inc.*, 6 F.3d at 1539; *Ultratec Inc.*, 45 F. Supp. 3d at 930; *Inline Connection Corp.*, 465 F. Supp. 2d at 324; *IMX*, 2005 U.S. Dist. LEXIS 33179, at *11-12. ▌

Despite this duty to mark, Align has *never* marked ▌

### C. Align failed to give actual notice of infringement before filing suit

There is no evidence that Align gave 3Shape actual notice of its claims of infringement of the '330, '364 and '916 Patents prior to filing this lawsuit.

Given Align's failure to mark or provide actual pre-suit notice, the Court should grant summary judgment that Align may not recover pre-suit damages for any alleged infringement of the '330, '364, and '916 Patent.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Summary Judgment of No Pre-Suit Damages.

3

Dated: <u>January 21, 2020</u>

*/s/ Geoffrey Grivner*
Geoffrey Grivner (DE Bar No. 4711)
BUCHANAN INGERSOLL & ROONEY PC

919 North Market Street
Suite 990
Wilmington, DE 19801
Tel: (302) 552-4207
Fax: (302) 552-4200
geoffrey.grivner@bipc.com

S. Lloyd Smith (*pro hac vice*)
Kimberly E. Coghill (*pro hac vice*)
Bryan J. Cannon (*pro hac vice*)
Laura K. Pitts (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street
Suite 500
Alexandria, VA 22314-2727
Tel: (703) 838-6514
Fax: (703) 836-2021
lloyd.smith@bipc.com
kimberly.coghill@bipc.com

*Attorneys for Defendants*
*3Shape A/S, 3Shape Trios A/S, and 3Shape Inc.*