**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>3SHAPE A/S,<br>3SHAPE TRIOS A/S, and<br>3SHAPE, INC.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)　C.A. No. 1:17-cv-01646-LPS<br>)<br>)　JURY TRIAL DEMANDED<br>)<br>)　REDACTED PUBLIC VERSION -<br>)　FILED JANUARY 28, 2020<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT OF NO DIRECT INFRINGEMENT OF THE
ASSERTED CLAIMS OF U.S. PATENT NOS. 8,454,364, AND 9,427,916**

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II. SUMMARY OF ARGUMENT .......................................................................................... 1

III. STATEMENT OF FACTS ................................................................................................. 1

IV. LEGAL STANDARDS ...................................................................................................... 1

V. ARGUMENT ...................................................................................................................... 2

    A. The '364 Patent Claims ............................................................................................ 2

    B. The '916 Patent Claims ............................................................................................ 3

VI. CONCLUSION ................................................................................................................... 3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*BMC Res., INc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007)..................................................................................................1

*Celotex v. Catrett*,
   4777 U.S. 317 (1986)) ..............................................................................................................1

*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*,
   690 F.3d 1354 (Fed. Cir. 2012)..................................................................................................2

*NTP, Inc. v. Research in Motion, Ltd.*,
   418 F.3d 1282 (Fed. Cir. 2005)..................................................................................................2

*Omega Patents, LLC v. CalAmp Corp.*,
   920 F.3d 1337 (Fed. Cir. 2019)..................................................................................................3

*Rotec Indus., Inc. v. Mitsubishi Corp.*,
   215 F.3d 1246 (Fed. Cir. 2000)..................................................................................................2

*Tecsec, Inc. v. IBM*,
   769 F. Supp.2d 997 (E.D. Va. 2011) .........................................................................................3

**Other Authorities**

FED. R. CIV. P. 56... .........................................................................................................................1

## TABLE OF AUTHORITIES[1]

| Exhibit | Description |
| --- | --- |
| Ex. 1 | U.S. Patent No. 8,454,364 (the "'364 patent") |
| Ex. 3 | U.S. Patent No. 9,427,916 (the "'916 patent") |
| Ex. 9 | Align's December 20, 2019 Responsive Report of Dr. Robert L. Stevenson Regarding the Validity of the '330, '364 and '916 Patents (Expert for Align) ("Stevenson Responsive Rept.") |
| Ex. 15 | Align's November 25, 2019 Opening Report of Dr. Robert L. Stevenson on Infringement of the '330, '364 and '916 Patents (Expert for Align) ("Stevenson Opening Rept.") |

---

[1] Numbered Exhibits are attached to the Appendix in Support of Defendants' Motions for Summary Judgment and *Daubert* Motions filed contemporaneously herewith.

## I.      NATURE AND STAGE OF THE PROCEEDINGS

Defendants incorporate by reference the equivalent section set forth in Defendants' Opening Brief in Support of Their *Daubert* Motions filed contemporaneously herewith.

## II.     SUMMARY OF ARGUMENT

1. Align alleges direct infringement of claims 16, 17 and 19 of U.S. Patent No. 8,454,364 (the "'364 Patent") and claims 1 and 3-21 of U.S. Patent No. 9,427,916 (the "'916 Patent).

2. Align has alleged that each of these asserted claims requires either method steps for preparing a physical model or a system comprising a physical model.[2]

3. 3Shape is entitled to summary judgment of no direct infringement as to the asserted claims of the '364 and '916 patents because it does not make, use, offer to sell, sell or import into the United States the physical model of claimed systems in the '916 patent or perform the method steps of claims 16, 17 and 19 of the '364 patent.

## III.    STATEMENT OF FACTS

The relevant facts are set forth in the Argument section, as appropriate.

## IV.     LEGAL STANDARDS

Summary judgment is appropriate where the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986).

"Direct infringement . . . is limited to those who practice ***each and every element of the claimed invention***." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007) (emphasis added). Thus, "one may not be held liable under § 271(a) for making or selling less

---

[2] Align is has stated that "the asserted claims" of the '364 patent "require the physical, tangible result of a physical model." *See, e.g.*, Ex. 9, Stevenson Responsive Rept. at ¶ 176. 3Shape disagrees that claim 19 requires a physical model; however, based upon Align's interpretation of that claim, this Motion also applies to claim 19 of the '364 patent.

than a complete invention." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 n.2 (Fed. Cir. 2000).

## V. ARGUMENT

Here, Align alleges direct infringement by 3Shape of claims 16, 17 and 19 of the '364 Patent and claims 1 and 3-21 of the '916 Patent.[3] As set forth below, 3Shape is entitled to summary judgment of no direct infringement of the asserted claims of the '364 and '916 Patents.

### A. The '364 Patent Claims

To prove direct infringement with respect to method claims, the patentee must show the accused infringer performed all of the steps in the claimed method. *Mirror Worlds, LLC v. Apple, Inc.*, 692 F.3d 1351, 1359 (Fed. Cir. 2012). Of particular import here, the Federal Circuit has explained that "direct infringement of a method claim requires that each of the claimed steps are performed within the United States." *See e.g.*, *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1371 (Fed. Cir. 2012) (citing *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005)).

Here, the '364 claims require the preparation of "a positive physical three dimensional (3D) model including physical model . . ." Ex. 1, the '364 patent at cl. 16, 17, 19.[4] Align has set forth no evidence that 3Shape has prepared a physical model within the United States in a manner that satisfies the asserted claims of the '364 patents. Ex. 15, Stevenson Opening Rept. at ¶¶ 282, 313 (relying only on actions by a 3Shape *customer*); ¶¶ 513-516 (providing evidence related to the use of the Model Builder software product, but failing to demonstrate preparation of a *physical model* by a 3Shape employee). Therefore, 3Shape is entitled to summary judgment of no direct infringement of the asserted claims of the '364 Patent.

---

[3] Claims 1, 11 and 18 are independent.
[4] *See* fn. 1.

### B. The '916 Patent Claims

To prove that 3Shape directly infringed the asserted claims of the '916 Patent, Align "must show that [3Shape] made, used, sold, offered for sale, or imported the entire claimed systems." *Tecsec, Inc. v. IBM*, 769 F. Supp.2d 997, 1009 (E.D. Va. 2011). In *Tecsec*, the court awarded summary judgment to the defendant, explaining:

> That software, of course, constitutes at most only part of the claimed systems, as the software must be installed on a computer and combined with hardware to infringe. Indeed, TecSec's infringement theories for the system claims, all of which involve hardware such as a "system memory means for storing data," require that the accused products be "installed, as intended, in computers comprising digital logic means." As a matter of law, making or selling software without the claimed hardware does not constitute direct infringement of a system claim, and summary judgment is therefore appropriate in favor of IBM on those claims, as well.

*Id.* at 1010; *see also* (*Omega Patents, LLC v. CalAmp Corp.*, 920 F.3d 1337, 1345 (Fed. Cir. 2019) (holding that accused infringer was entitled to JMOL of no direct infringement where the plaintiff did "not provide all of the required claim elements" because a third party provided the cell tower which enabled all of the limitations of the systems claim to be met)).

Here, as a matter of law, it is undisputed that 3Shape does not make, use, sell, or offer to sell in the United States or import into the United States, a system that includes a physical model of a dentition within the scope of the asserted claims of the '916 patent. Ex. 3, the '916 patent at cl. 1, 3-21. Thus, this court should grant summary judgment in favor of 3Shape as to the issue of no direct infringement of the asserted claims of the '916 patent.

### VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Summary Judgment of No Direct Infringement of the asserted claims of the '364 and '916 Patents.

Dated: <u>January 21, 2020</u>

    _/s/ Geoffrey Grivner_
Geoffrey Grivner (DE Bar No. 4711)
BUCHANAN INGERSOLL & ROONEY PC
919 North Market Street
Suite 990
Wilmington, DE 19801
Tel: (302) 552-4207
Fax: (302) 552-4200
geoffrey.grivner@bipc.com

S. Lloyd Smith (*pro hac vice*)
Kimberly E. Coghill (*pro hac vice*)
Bryan J. Cannon (*pro hac vice*)
Laura K. Pitts (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street
Suite 500
Alexandria, VA 22314-2727
Tel: (703) 838-6514
Fax: (703) 836-2021
lloyd.smith@bipc.com
kimberly.coghill@bipc.com

*Attorneys for Defendants*
*3Shape A/S, 3Shape Trios A/S, and 3Shape Inc.*