IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

- - -

ALIGN TECHNOLOGY, INC., :
Plaintiff, : CIVIL ACTION NUMBER
v :
3SHAPE A/S and 3SHAPE, INC., : 17-1646-LPS-CJB
Defendants. :

- - -

Wilmington, Delaware
Monday, November 18, 2019
Status Teleconference

- - -

BEFORE: THE HONORABLE CHRISTOPHER J. BURKE

APPEARANCES:

SHAW KELLER, LLP
BY: JEFFREY T. CASTELLANO, ESQ.
and
PAUL HASTINGS, LLP
BY: BLAIR M. JACOBS, ESQ.
CHRISTINA A. ONDRICK, ESQ.
(Washington, District of Columbia)
Counsel for Align Technology, Inc.

Adam D. Miller
Registered Professional Reporter

APPEARANCES (Continued):

BUCHANAN INGERSOLL & ROONEY, PC
BY: GEOFFREY GRIVNER, ESQ.
and
BY: S. LLOYD SMITH, ESQ.
(Alexandria, Virginia)
Counsel for 3Shape A/S and 3Shape, Inc.

- - - - -

(REPORTER'S NOTE: The following teleconference was held in chambers, beginning at 3:05 p.m.)

- - - - -

THE COURT: Good afternoon, everyone. It's Judge Burke here. Before we begin, let me just say a few things for the record.

And first is that we're here this afternoon for a status conference in the matter of Align Technology, Inc. versus 3Shape A/S, Civil Action numbers 17-1646 and 17-1647 LPS here in our court.

Because we're here on the record for our status teleconference, I have with me a

court reporter, Mr. Adam Miller, who will be taking down our call today. I would just ask if the counsel could remember to identify themselves before they speak, to help our court reporter get a good and accurate record of our call this afternoon.

And before we go further, let me have counsel for each side identify themselves for the record. Start first with counsel for plaintiff's side. And we'll begin there with Delaware counsel.

MR. CASTELLANO: Good afternoon, Your Honor. This is Jeff Castellano with Shaw Keller for plaintiff, Align. And I also have on the line Blair Jacobs and Christina Ondrick from Paul Hastings. And we also have a client representative, Jeffrey Comeau, on the phone as well.

THE COURT: Okay, thank you. And we'll do the same for counsel for defendants' side, again beginning with Delaware counsel.

MR. GRIVNER: Good afternoon, Your Honor. This is Jeff Grivner from Buchanan Ingersoll & Rooney. And with me on the line is Lloyd Smith of our Alexandria office.

THE COURT: All right. And to you all, good afternoon as well. And, counsel, just briefly, I appreciate -- the parties submitted a letter on November 8th noting that there's a pending motion for a protective order before me that we heard argument on some time ago.

I appreciate the parties' letter as -- although I was, of course, aware of the pendency of the motion, mentally I had not realized how far along the case schedule was. The parties' letter notes the cases are preparing for trial in the early to midpart of next year. So I appreciate the parties bringing that my attention.

And obviously, although there are lots of motions pending here and we try to get to them as soon as we can, I'm also mindful of the need to resolve motions in time so that the parties can proceed forward to their trial dates.

And in that regard I wanted to have just a short status call so as I'm trying to prioritize here, I could get a sense, a better sense from the parties along the lines of, Judge, look, if it's possible, you know, if the

motion, if you could get a decision on the motion out by at least X, that would help us; because if it was by at least then, then we would have the ability to be able to do what we need to do to make the next stage of the casework. On the other hand, if we weren't to have a decision by at least X date, it might be difficult for us to keep moving forward because of blank.

If there's anything you wanted to say to give me any more guidance about how much time I have to issue the decision here and when it will continue to impact the parties negatively, I'd be happy to hear because I'll certainly do everything I can to make sure that I don't affect the timely continuation of the case.

So let me turn to, first, to plaintiff's counsel to see if there's anything they want to add in that regard.

MR. JACOBS: Hi, Your Honor. It is Blair Jacobs from Paul Hastings on behalf of Align. I clerked for a federal judge, and we absolutely have no intent to rush anything here.

Our main concern was summary judgment coming up and the close of fact discovery on

November 21st. And so we've identified seven potential fact witnesses with knowledge relevant to the documents that the protective orders pertains to.

Now, Your Honor, six of them have been deposed already. And the defense took the position that they were not willing to allow contingent testimony, which was our recommendation, you know, that could be eradicated from the record if the protective order was granted. So we have at least six depositions that we, in our view, will need to re-take.

And then there's one individual, their 30(b)(6) witness, Mr. Ninn-Gronne, who they have just denied substantive testimony on completely. We've taken his substantive testimony in another case where the Court awarded testimony relating to these issues. But it's slightly different issues.

And so I guess from a timing perspective, Your Honor, we're going to be back -- all of these depositions are in Denmark, another reason why we wanted to alert the Court. There's some complexity, I think, to both

parties, in fairness, in trying to set up, you know, depositions and court reporters in Denmark.

We're going to be back here, Your Honor, for other depositions the week of December 2nd to the 5th. And so, honestly, if we had some guidance before then as to whether, you know, these documents were going to be relevant, we could probably work something out.

These are going to be very short and limited depositions, limited largely to the information where the protective order is being sought.

If we cannot do something by the 5th of December, Your Honor, I think the summary judgment, which is in the early part of 2020, you know, is our next target. You know, it's not uncommon to see one party or the other move for summary judgment with regard to willfulness. And that would really be, I think, the issue to which these potential documents might be significant relevance; that and in the mental state with regards to inducement. But really from a summary judgment perspective only, I would think, willfulness.

And so, you know, if we can't get it done in early December, I would hope that something by the mid part of January. We have a very good working relationship with defendants' counsel and we have been able to work to, you know, a significant number of depositions.

So I don't really see a problem. We just wanted to put this on the radar screen, just so we -- we weren't going to get into a problem with regard to motion practice and pretrial briefs and things of that nature.

THE COURT: Thank you, Mr. Jacobs. And again, I appreciate that you did. That's helpful.

Let me turn to counsel on defendants' side to get any additional input on this subject that they might like to add. Mr. Smith, Mr. Grivner.

MR. SMITH: Your Honor, this is Lloyd Smith. Let me just address our perspective and maybe make a few clarifying comments that I think will hopefully give the Court some guidance as to where we were.

Just for clarification, defendants didn't join in the letter because, obviously,

from our perspective, we're willing to, you know, let the Court just deal with this all in due course. I do believe that if we -- if the ruling goes against us and there are depositions, I'm concerned about the number of depositions, but that we can do them in January or February.

Mr. Jacobs is correct that summary judgment deadlines are coming up. But because of the way the schedules work out, we are already going to be taking expert discovery after the initial summary judgment briefs are due. And so I don't see any reason why or any particular reason why these depos, if they do occur, can't also occur in the January or even February timeframe. We, you know, we'll work something out with opposing counsel as necessary, depending on your ruling.

But I would like to emphasize, Your Honor, I think there's a larger point and a larger problem that at this point in the case we have extremely compressed deadlines. The trial is scheduled for April 20th. And there is a lot being shoved into the next four months. And so I'm very concerned and we have proposed to

opposing counsel and I think we'll be moving the Court that we need to move that trial date altogether.

So from our perspective, I think the Court has enough time. I don't see how you could give us a ruling by early December. And even if you did, there's going to be a lot of depositions that week already. So I'm not sure that that week makes sense. But we'll work with opposing counsel, depending on what the Court does.

But I would like to emphasize that if the Court needs more time, that's fine with us because, like I said, we think the trial date itself needs to move so that the Court has ample time to consider these very important issues and also the summary judgment briefs that will be submitted coming up in late December and January.

THE COURT: Okay. And certainly I am -- indeed, I don't think I have any longer authority, referral authority as to scheduling deadlines in the case. And so I'm certainly not going to address the issue, the broader issue of whether other deadlines in the case should move,

including the trial date.

But it sounds like, Mr. Smith, what you're saying is, as to this motion, from defendants' perspective, it's not as if the resolution of this motion, assuming it gets resolved in the next number of weeks and certainly by January, will be an absolute impediment in the case; is that right?

MR. SMITH: Yes, Your Honor. And I also did want to make you aware that it's our belief that we do need to extend the trial date. Whether Judge Stark agrees or not or opposing counsel ultimately agrees or not is yet to be seen. But I did want to make you aware that motion will be coming so that you weren't surprised and moving things aside on your desks and then seeing this other motion and disappointment that I hadn't given you the full picture there.

THE COURT: Okay. Appreciate that. All right.

MR. SMITH: Yeah.

THE COURT: Well, thanks, counsel. As I said, I have been working on it and will continue to do so and should certainly -- will

certainly be able to give the parties a decision by January. The only question will be if I can do it by the very beginning of December.

But in any event, I'll do it as quickly as I can. And as I said, I appreciate the parties reminding me about where the case is as to its case schedule so that I can make sure that I'm focused on the pending motion and how it relates. So thanks for that.

All right. Well, counsel, I appreciate your time today. Again, look forward to talking to you in the future. Otherwise, we'll end our call now and we'll go off the record. And I wish everybody a good day and a good week.

MR. SMITH: Thank you, Your Honor.

MR. JACOBS: Thank you, Your Honor.

(Proceeding concluded at 3:15 p.m.)

C E R T I F I C A T I O N

I, ADAM D. MILLER, Registered Professional Reporter, certify that the foregoing is a true and accurate transcript of this status teleconference, at the time, place and on the date herein before set forth.

I further certify that I am neither attorney nor counsel for, not related to nor employed by any of the parties to the action; further, that I am not a relative or employee of any attorney or counsel employed in this case, nor am I financially interested in this action.

______________________________

Adam D. Miller
Registered Professional Reporter, Notary Public

**A**
**A/S** 1:7 2:7,21
**ability** 5:4
**able** 5:4 8:5 12:1
**absolute** 11:7
**absolutely** 5:23
**accurate** 3:5 13:6
**action** 1:5 2:22 13:11,14
**Adam** 1:24 3:1 13:4,18
**add** 5:19 8:17
**additional** 8:16
**address** 8:20 10:24
**affect** 5:16
**afternoon** 2:16,20 3:6,12,22 4:2
**ago** 4:6
**agrees** 11:12,13
**alert** 6:24
**Alexandria** 2:6 3:25
**Align** 1:4,23 2:21 3:14 5:22
**allow** 6:7
**altogether** 10:3
**ample** 10:15
**APPEARANCES** 1:15 2:1
**appreciate** 4:3,7,13 8:13 11:20 12:5 12:11
**April** 9:23
**argument** 4:6
**aside** 11:16
**assuming** 11:5
**attention** 4:14
**attorney** 13:10,12
**authority** 10:22,22
**awarded** 6:19
**aware** 4:8 11:10,14

**B**
**back** 6:23 7:4
**beginning** 2:13 3:21 12:3
**behalf** 5:21
**belief** 11:11
**believe** 9:3
**better** 4:23
**Blair** 1:20 3:15 5:21
**blank** 5:9
**briefly** 4:3
**briefs** 8:11 9:12 10:17
**bringing** 4:13
**broader** 10:24
**Buchanan** 2:2 3:23
**Burke** 1:14 2:17

**C**
**C** 13:1,1
**call** 3:2,6 4:22 12:13
**case** 4:10 5:16 6:18 9:21 10:23,25 11:8 12:6,7 13:13
**cases** 4:11
**casework** 5:6
**Castellano** 1:17 3:12,13
**certainly** 5:14 10:20,23 11:7,25 12:1
**certify** 13:5,9
**chambers** 2:13
**Christina** 1:21 3:15
**CHRISTOPHER** 1:14
**Civil** 1:5 2:22
**clarification** 8:24
**clarifying** 8:21
**clerked** 5:22
**client** 3:16
**close** 5:25
**Columbia** 1:22
**Comeau** 3:17
**coming** 5:25 9:9 10:18 11:15
**comments** 8:21
**completely** 6:17
**complexity** 6:25
**compressed** 9:22
**concern** 5:24
**concerned** 9:5,25
**concluded** 12:18
**conference** 2:20
**consider** 10:16
**contingent** 6:8
**continuation** 5:16
**continue** 5:13 11:25
**Continued** 2:1
**correct** 9:8
**counsel** 1:23 2:7 3:3,8,9,11,20,21 4:2 5:18 8:5,15 9:17 10:1,10 11:13,23 12:10 13:10,12
**course** 4:8 9:3
**court** 1:1 2:16,23 3:1,4,19 4:1 6:18 6:24 7:2 8:12,22 9:2 10:2,5,10,13 10:15,20 11:20 11:23

**D**
**D** 1:24 13:4,18
**date** 5:7 10:2,14 11:1,11 13:7
**dates** 4:20
**day** 12:14
**deadlines** 9:9,22 10:23,25
**deal** 9:2
**December** 7:6,15 8:2 10:6,18 12:3
**decision** 5:1,7,12 12:1
**defendants** 1:8 8:24
**defendants'** 3:20 8:4,15 11:4
**defense** 6:6
**Delaware** 1:2,10 3:11,21
**denied** 6:16
**Denmark** 6:23 7:3
**depending** 9:18 10:10
**depos** 9:14
**deposed** 6:6
**depositions** 6:12 6:23 7:2,5,11 8:6 9:5,6 10:8
**desks** 11:16
**different** 6:20
**difficult** 5:8
**disappointment** 11:18
**discovery** 5:25 9:11
**District** 1:1,2,22
**documents** 6:3 7:8 7:21
**due** 9:3,13

**E**
**E** 13:1
**early** 4:12 7:16 8:2 10:6
**emphasize** 9:19 10:12
**employed** 13:10,13
**employee** 13:12
**eradicated** 6:10
**ESQ** 1:17,20,21 2:3,5
**event** 12:4
**everybody** 12:14
**expert** 9:11
**extend** 11:11
**extremely** 9:22

**F**
**F** 13:1
**fact** 5:25 6:2
**fairness** 7:1
**far** 4:10
**February** 9:7,16
**federal** 5:22
**financially** 13:13
**fine** 10:13
**first** 2:19 3:9 5:17
**focused** 12:8
**following** 2:12
**foregoing** 13:5
**forth** 13:8
**forward** 4:19 5:8 12:11
**four** 9:24
**full** 11:18
**further** 3:7 13:9,11
**future** 12:12

**G**
**GEOFFREY** 2:3
**give** 5:11 8:22 10:6 12:1
**given** 11:18
**go** 3:7 12:13
**goes** 9:4
**going** 6:22 7:4,8,10 8:9 9:11 10:7,24
**good** 2:16 3:5,12 3:22 4:2 8:4 12:14,15
**granted** 6:11
**Grivner** 2:3 3:22 3:23 8:18
**guess** 6:21
**guidance** 5:11 7:7 8:23

**H**
**hand** 5:6
**happy** 5:14
**Hastings** 1:19 3:16 5:21
**hear** 5:14
**heard** 4:6
**held** 2:13
**help** 3:4 5:2
**helpful** 8:14
**Hi** 5:20
**honestly** 7:6
**Honor** 3:13,23 5:20 6:5,22 7:5

7:15 8:19 9:20 11:9 12:16,17
**HONORABLE** 1:14
**hope** 8:2
**hopefully** 8:22

**I**

**identified** 6:1
**identify** 3:3,8
**impact** 5:13
**impediment** 11:8
**important** 10:16
**including** 11:1
**individual** 6:14
**inducement** 7:23
**information** 7:12
**Ingersoll** 2:2 3:24
**initial** 9:12
**input** 8:16
**intent** 5:23
**interested** 13:13
**issue** 5:12 7:20 10:24,24
**issues** 6:19,20 10:16

**J**

**J** 1:14
**Jacobs** 1:20 3:15 5:20,21 8:12 9:8 12:17
**January** 8:3 9:6,15 10:19 11:7 12:2
**Jeff** 3:13,23
**Jeffrey** 1:17 3:17
**join** 8:25
**judge** 2:17 4:25 5:22 11:12
**judgment** 5:24 7:16,19,24 9:9,12 10:17

**K**

**keep** 5:8
**Keller** 1:16 3:13
**know** 4:25 6:9 7:2 7:8,17,17 8:1,6 9:2,16
**knowledge** 6:2

**L**

**largely** 7:11
**larger** 9:20,21
**late** 10:18
**letter** 4:4,7,11 8:25
**limited** 7:11,11
**line** 3:15,24
**lines** 4:24
**Lloyd** 2:5 3:25 8:19
**LLP** 1:16,19
**longer** 10:21
**look** 4:25 12:11
**lot** 9:23 10:7
**lots** 4:16
**LPS** 2:22

**M**

**M** 1:20
**main** 5:24
**matter** 2:20
**mental** 7:22
**mentally** 4:9
**mid** 8:3
**midpart** 4:12
**Miller** 1:24 3:1 13:4,18
**mindful** 4:17
**Monday** 1:11
**months** 9:24
**motion** 4:5,9 5:1,2 8:10 11:3,5,15,17 12:8
**motions** 4:16,18
**move** 7:18 10:2,15 10:25
**moving** 5:8 10:1 11:16

**N**

**N** 13:1
**nature** 8:11
**necessary** 9:18
**need** 4:18 5:5 6:12 10:2 11:11
**needs** 10:13,15
**negatively** 5:13
**neither** 13:9
**Ninn-Gronne** 6:15
**Notary** 13:18
**NOTE** 2:12
**notes** 4:11
**noting** 4:4
**November** 1:11 4:4 6:1
**number** 1:5 8:6 9:5 11:6
**numbers** 2:22

**O**

**O** 13:1
**obviously** 4:15 8:25
**occur** 9:15,15
**office** 3:25
**Okay** 3:19 10:20 11:20
**Ondrick** 1:21 3:15
**opposing** 9:17 10:1 10:10 11:12
**order** 4:5 6:11 7:12
**orders** 6:3

**P**

**p.m** 2:14 12:18
**part** 7:16 8:3
**particular** 9:14
**parties** 4:3,13,19 4:24 5:13 7:1 12:1,6 13:11
**parties'** 4:7,11
**party** 7:18
**Paul** 1:19 3:16 5:21
**PC** 2:2
**pendency** 4:9
**pending** 4:5,16 12:8
**perspective** 6:22 7:24 8:20 9:1 10:4 11:4
**pertains** 6:4
**phone** 3:17
**picture** 11:19
**place** 13:7
**plaintiff** 1:5 3:14
**plaintiff's** 3:10 5:18
**point** 9:20,21
**position** 6:7
**possible** 4:25
**potential** 6:2 7:21
**practice** 8:10
**preparing** 4:12
**pretrial** 8:11
**prioritize** 4:23
**probably** 7:9
**problem** 8:7,10 9:21
**proceed** 4:19
**Proceeding** 12:18
**Professional** 1:25 13:4,18
**proposed** 9:25
**protective** 4:5 6:3 6:10 7:12
**Public** 13:18
**put** 8:8

**Q**

**question** 12:2
**quickly** 12:5

**R**

**R** 13:1
**radar** 8:8
**re-take** 6:13
**realized** 4:10
**really** 7:20,23 8:7
**reason** 6:24 9:13 9:14
**recommendation** 6:9
**record** 2:18,24 3:5 3:9 6:10 12:14
**referral** 10:22
**regard** 4:21 5:19 7:19 8:10
**regards** 7:23
**Registered** 1:25 13:4,18
**related** 13:10
**relates** 12:9
**relating** 6:19
**relationship** 8:4
**relative** 13:12
**relevance** 7:22
**relevant** 6:2 7:9
**remember** 3:3
**reminding** 12:6
**reporter** 1:25 3:1,5 13:5,18
**REPORTER'S** 2:12
**reporters** 7:2
**representative** 3:17
**resolution** 11:5
**resolve** 4:18
**resolved** 11:6
**right** 4:1 11:8,21 12:10
**Rooney** 2:2 3:24
**ruling** 9:4,18 10:6
**rush** 5:23

**S**

**S** 2:5
**saying** 11:3
**schedule** 4:10 12:7
**scheduled** 9:23
**schedules** 9:10
**scheduling** 10:22
**screen** 8:8
**see** 5:18 7:18 8:7 9:13 10:5
**seeing** 11:17
**seen** 11:14
**sense** 4:23,24 10:9
**set** 7:1 13:7
**seven** 6:1
**Shaw** 1:16 3:13
**short** 4:22 7:10
**shoved** 9:24

**side** 3:8,10,21 8:16
**significant** 7:22 8:6
**six** 6:5,11
**slightly** 6:20
**Smith** 2:5 3:25 8:17,19,20 11:2,9 11:22 12:16
**soon** 4:17
**sought** 7:13
**sounds** 11:2
**speak** 3:4
**stage** 5:5
**Stark** 11:12
**Start** 3:9
**state** 7:23
**STATES** 1:1
**status** 1:12 2:20,25 4:22 13:6
**subject** 8:16
**submitted** 4:3 10:18
**substantive** 6:16 6:17
**summary** 5:24 7:15,19,24 9:8,12 10:17
**sure** 5:15 10:8 12:7
**surprised** 11:16

**T**

**T** 1:17 13:1,1
**taken** 6:17
**talking** 12:12
**target** 7:17
**Technology** 1:4,23 2:21
**teleconference** 1:12 2:13,25 13:6
**testimony** 6:8,16 6:18,19
**thank** 3:19 8:12 12:16,17
**thanks** 11:23 12:9
**things** 2:18 8:11 11:16
**think** 6:25 7:15,20 7:25 8:22 9:20 10:1,4,14,21
**time** 4:6,18 5:11 10:5,13,16 12:11 13:7
**timeframe** 9:16
**timely** 5:16
**timing** 6:21
**today** 3:2 12:11
**transcript** 13:6
**trial** 4:12,19 9:22 10:2,14 11:1,11
**true** 13:5
**try** 4:16
**trying** 4:22 7:1
**turn** 5:17 8:15

**U**

**ultimately** 11:13
**uncommon** 7:18
**UNITED** 1:1

**V**

**v** 1:6
**versus** 2:21
**view** 6:12
**Virginia** 2:6

**W**

**want** 5:19 11:10,14
**wanted** 4:21 5:10 6:24 8:8
**Washington** 1:22
**way** 9:10
**we'll** 3:10,20 9:16 10:1,9 12:13,13
**we're** 2:19,24 6:22 7:4 9:1
**we've** 6:1,17
**week** 7:5 10:8,9 12:15
**weeks** 11:6
**weren't** 5:6 8:9 11:15
**willfulness** 7:19,25
**willing** 6:7 9:1
**Wilmington** 1:10
**wish** 12:14
**witness** 6:15
**witnesses** 6:2
**work** 7:9 8:5 9:10 9:16 10:9
**working** 8:4 11:24

**X**

**X** 5:2,7

**Y**

**Yeah** 11:22
**year** 4:13

**Z**

**0**

**1**

**17-1646** 2:22
**17-1646-LPS-CJB** 1:7
**17-1647** 2:22
**18** 1:11

**2**

**2019** 1:11
**2020** 7:16
**20th** 9:23
**21st** 6:1
**2nd** 7:6

**3**

**3:05** 2:14
**3:15** 12:18
**30(b)(6)** 6:15
**3Shape** 1:7,7 2:7,7 2:21

**4**

**5**

**5th** 7:6,15

**6**

**7**

**8**

**8th** 4:4

**9**