# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 17-1646-LPS |
| | : |
| 3SHAPE A/S, 3SHAPE TRIOS A/S, and | : |
| 3SHAPE INC., | : |
| | : |
| Defendants. | : |

_____

## MEMORANDUM ORDER

At Wilmington this **12th** day of **February, 2021**:

Pending before the Court is Defendants 3Shape A/S, 3Shape Trios A/S, and 3Shape Inc.'s (collectively, "3Shape") motion for reargument. (D.I. 490) 3Shape requests that the Court reconsider and/or clarify four aspects of the *Daubert* and summary judgment Order (D.I. 488) and Opinion (D.I. 487) issued on August 14, 2020. Having reviewed the parties' briefs and other materials (*see, e.g.*, D.I. 491, 496), and for the reasons stated below, **IT IS HEREBY ORDERED** that 3Shape's motion (D.I. 490) is **GRANTED IN PART** and **DENIED IN PART**.

1. A motion for reargument is governed by Local Rule 7.1.5. *See, e.g.*, *Helios Software, LLC v. Awareness Techs., Inc.*, 2014 WL 906346 (D. Del. Mar. 5, 2014). A motion for reargument "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Parkell v. Frederick*, 2019 WL 1435884, at *1 (D. Del. Mar. 31, 2019) (internal citations omitted). Reargument may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to

1

the court by the parties, or has made an error not of reasoning but of apprehension." *Wood v. Galef-Surdo*, 2015 WL 479205, at *1 (D. Del. Jan. 26, 2015) (internal quotation marks omitted). While the decision on a motion for reargument is within the discretion of the Court, such motions "should only be granted ***sparingly***."[1] *Kavanagh v. Keiper Recaro Seating, Inc.*, 2003 WL 22939281, at *1 (D. Del. July 24, 2003).

    2.    3Shape first requests that the Court (1) clarify that Dr. Saber may testify about whether the accused infringing products meet the "voxel" claim limitation, "consistent with paragraphs 58-61 and 69 of his rebuttal report;" or (2) in the alternative, modify its construction of "voxel" to remove the word "volume." (D.I. 491 at 2) In its *Daubert* ruling, the Court concluded that the identified paragraphs in Dr. Saber's rebuttal report should be excluded because he construed "voxel" in a manner inconsistent with the Court's claim construction order (D.I. 178), specifically to exclude a vertex (D.I. 487 at 15).

---

[1] That the Court is largely granting the targeted relief sought by 3Shape does not negate the reality that motions for reargument are, in the Court's experience, rarely worth filing – and, consequently, are rarely granted. The context in which 3Shape's motion arises may, to some extent, account for why the Court has been persuaded that it previously made several clear errors. The August 14, 2020 opinion to which the motion is directed evaluated (in the course of 37 pages) a total of eight motions for summary judgment (seeking judgment on issues of infringement, invalidity, damages, and estoppel) and/or to exclude expert opinions (attacking multiple opinions of each of seven experts). The record on which the Court based its opinion included 255 pages of briefing, an oral argument transcript that runs to 126 pages, and at least 5,200 pages of exhibits (*see, e.g.*, D.I. 301, 303, 305, 307, 310, 312, 314-15, 317-19, 338-43, 345-48, 357, 359-65, 373-74, 399-400, 405, 435-36, 440-42). Further, the instant six-patent case between competitors is only one of six cases pending on the undersigned Judge's docket between these same parties (in addition to them litigating another patent infringement case in the Western District of Texas, as well as numerous proceedings in the International Trade Commission). While the Court does not at all intend to invite motions for reconsideration – in any cases, large or small, complex or simple – except where a party truly believes such a motion is necessary and can meet the high burden for prevailing, the Court suspects (in hindsight) that the errors it has now identified in its prior ruling may be the result, in part, of the vast number of disputes the parties have put before the Court.

Having reviewed its *Daubert* ruling (*id.*) and Dr. Saber's rebuttal report (D.I. 318 Ex. 14 ¶¶ 58-61, 69), the Court finds that the relevant paragraphs in Dr. Saber's report include **both** an impermissible claim construction that improperly excludes vertex from voxel (*see, e.g.*, *id.* ¶¶ 60-61) ("It is my opinion that a POSITA . . . would have readily appreciated that a vertex . . . is not a voxel.") **and** an opinion apparently ***applying the Court's construction*** of "voxel" (*see, e.g.*, *id.* ¶ 60) ("The vertex of a triangulated mesh model does not have a volume. It is a point with X-Y-Z coordinates."). Dr. Saber's deposition testimony also reflects both types of opinions. (*See, e.g.*, D.I. 348 Ex. 15 at 137-38, 192-95, 201, 229) While an expert witness is not allowed to deviate from the Court's claim construction, he is allowed to provide opinions reflecting the application of the Court's claim construction to the facts of this case. *See EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. 2016) ("Expert testimony regarding whether an accused device falls within the scope of a court's claim construction is appropriate and raises a factual issue for the jury to resolve."). Hence, Dr. Saber may testify, consistent with paragraphs 58-61 and 69 of his rebuttal report, about whether the accused product identifies "a plurality of voxels satisfying a criterion" (U.S. Patent No. 9,510,757, the "'757 patent," cl. 13) as long as he does not set forth his own construction of "voxel" and instead applies the Court's claim construction.

In other words, 3Shape has persuaded the Court that it made a clear error. Dr. Saber will be permitted to opine that ***applying the Court's construction*** – that a voxel is a "volume pixel; the 3D equivalent of a pixel" – there is no infringement because a "vertex" identified by Align as being the "voxel" of the claims is, in fact, not a "voxel," because (in part or in whole) it is instead a "vertex." While no one will be permitted to opine or argue that a "vertex" is excluded as a matter of law from being a "voxel" (i.e., the Court's construction does not exclude a vertex),

3

Dr. Saber will be permitted to opine (and 3Shape will be permitted to argue and attempt to prove) that its accused product lacks a "voxel," for reasons including that the accused voxel is instead a vertex.[2]

3. 3Shape next requests that the Court clarify whether the Court excluded Dr. Saber's opinion on the "indication" limitation of claim 13 of the '757 patent when it excluded testimony related to the "hidden" limitation. (D.I. 491 at 5; *see also* D.I. 487 at 16-17) The Court did not exclude Dr. Saber's opinion based on his interpretation of the "indication" limitation. Align's one-sentence argument (*see* D.I. 317 at 23) failed to persuade the Court that Dr. Saber's interpretation that the claim requires identifying the area of interest's "existence" and "location" is inconsistent with the plain and ordinary meaning of "indication," in view of the Court's guidance in the memorandum opinion on claim construction (*see* D.I. 177 at 5-7).

In its *Daubert* decision, the Court excluded Dr. Saber's opinion on the basis that Dr. Saber "[went] beyond the Court's construction and exclude[d] intraoral areas of interest that are partially hidden (as opposed to completely hidden)" – a limitation that the Court did not read into the claims at claim construction. (D.I. 487 at 16-17) While 3Shape disagrees with this aspect of the Court's decision (*see* D.I. 491 at 8), it does not seek reargument of it.

At trial, Dr. Saber will be permitted to testify, consistent with his expert report, that the accused products do not infringe because there is no indication of the hidden intraoral area of interest – but any opinions (or argument) to the effect that "hidden" means (and only means) "completely hidden" remain excluded.

---

[2] The Court is also excluding Dr. Saber's opinions in ¶¶ 60-61 referencing 3Shape fact witness testimony. (*See* D.I. 491 at 4) "Dr. Saber will not proffer any opinions invoking opinions of 3Shape fact witnesses related to the term 'voxel.'" (*Id.*)

4

4.  3Shape requests that the Court expressly confirm that "'hidden in one or more views' is being given a construction to include '*partially* hidden in one or more views' to clarify the record." (D.I. 491 at 8)  While unnecessary, the Court also sees no reason (in the context of this case) not to provide the requested "clarification."  Both sides agree that "hidden" is construed here as including "partially hidden" (*see, e.g.*, D.I. 496 at 8) (Align: "the plain and ordinary meaning of the term 'hidden' includes 'partially hidden'") and the Court agrees as well.

In the *Daubert* ruling, the Court clearly held that Dr. Saber's testimony went beyond the plain and ordinary meaning, imposing the additional requirement that "hidden" be understood to mean "*completely* hidden." (D.I. 487 at 16-17) (emphasis added)  The Court explained that this additional requirement was not one the Court has read into the claim and thus was improper. (*Id.* at 17)  Thus, again, the Court construes "hidden" to include "partially hidden."

5.  Finally, 3Shape requests that the Court reconsider its exclusion of Dr. Saber's opinion that Imgrund anticipates claims 13, 16, and 17 of the '757 patent. (D.I. 491 at 9)  3Shape contends, mistakenly, that the Court's ruling to exclude Dr. Saber's anticipation opinion was based on "a single, out of context deposition answer." (*Id.*; *see also* D.I. 318 Ex. 13 at 312)  The Court's ruling was, instead, based on pages of briefing, the records cited therein, and the parties' oral argument. (*See* D.I. 487 at 18-19)

For example, Dr. Saber opined in his opening report, relating to claim 13, that "applying Imgrund's techniques . . . to volumetric representations . . . was well known to a POSITA." (D.I. 318 Ex. 12 ¶ 83)  Also, the Court did not conclude that the specific deposition answer at issue, read in the context, was referring only to the inherency opinion as to claim 15. (*See, e.g.*, D.I. 318 Ex. 13 at 322-25) (Dr. Saber's testimony referring to inherency as to claim element 13.4 and paragraph 106 of his opening report)  Hence, 3Shape has failed to carry its burden of showing

5

that the Court's exclusion of Dr. Saber's anticipation opinion was clearly erroneous.  *See generally Parkell*, 2019 WL 1435884, at *1.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE